IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CARLOS ANDRES MOSQUERA**                                                                 **PETITIONER**

**v.**                                                         **CIVIL ACTION NO.: 3:24-cv-640-KHJ-MTP**

**WARDEN**                                                                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Carlos Andres Mosquera's *pro se* Petition for Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the petition, the record, and the applicable law, the undersigned recommends that the Petition [1] be DENIED and that this matter be DISMISSED without prejudice.

## BACKGROUND

Petitioner is serving a 64-month term of imprisonment after being convicted of conspiracy to possess with the intent to distribute, as well as possession with the intent to distribute, cocaine and marijuana while on board a vessel subject to United States jurisdiction in violation of 46 U.S.C. §§ 70506.F and 70503.F. He is currently housed at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, and is scheduled to be released on October 19, 2025.

Petitioner filed the instant Petition [1], on October 16, 2024, challenging his sentence calculation. He alleges that, after a "sudden" order for deportation "was supposedly given to him," the Federal Bureau of Prisons ("BOP") removed 345 days' worth of time credits he

1

purportedly earned under the First Step Act.[1]  [1] at 2.  He requests that this Court restore those credits and reduce his sentence.  *Id*. at 3.

Respondent filed a Response in Opposition [12] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action.  Petitioner filed no reply.  This matter is now ripe for review.

## ANALYSIS

Before seeking habeas relief under 28 U.S.C. § 2241, a federal inmate must exhaust the administrative remedies made available by the Federal BOP.  *See Williams v. Willis,* 765 F. App'x 83 (5th Cir. 2019); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x, 372 (5th Cir. 2008).  While there are exceptions to the exhaustion requirement that may be available "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions "apply only in extraordinary circumstances."  *Fuller*, 11 F.3d at 62 (internal citations and quotations omitted); *see also Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010).  A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review.  *See Mayberry v. Pettiford*, 74 F. App'x, 299 (5th Cir. 2003) (citing *Fuller*, 11 F.3d at 62)).

---

[1] *See* 18 U.S.C. § 3632.  The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

Respondent, citing 28 C.F.R. § 542.13 *et seq.*, points out that the BOP has a multi-step administrative process for resolving prisoner complaints. *See* [12] at 4. Initially, an inmate must attempt to informally resolve the complaint with prison staff. Thereafter, the prisoner must submit a request for administrative remedies to the warden. If the prisoner is dissatisfied with the warden's response, the prisoner may then appeal to the Regional Director. If the prisoner remains dissatisfied, he may proceed to the final step in the grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15.

Respondent argues that the Petition [1] should be denied for Petitioner's failure to exhaust the administrative review process. In support, Respondent submitted a declaration of Amy Landers, a Paralegal at FCC, along with a copy of Petitioner's "Administrative Remedy Generalized Retrieval." *See* [12-1] at 1-3, 8. According to Landers, Petitioner filed an administrative remedy "at the institution on June 3, 2024." *Id*. at 2. The institution denied it that same day. Petitioner then filed an administrative remedy request at the next step with the Regional Office on July 1, 2024, which the Regional Office denied on December 31, 2024. Thereafter, Petitioner did not continue the administrative remedies process.[2] *Id*. at 2-3, 8.

---

[2] The record indicates that the Regional Office's response to the July 1, 2024, administrative remedy request was due on August 30, 2024. [12-1] at 8. Under the Code of Federal Regulations, however, the Regional Director is required to respond within 30 calendar days. *See* 28 C.F.R. § 542.18. That period can be extended by an additional 30 days if the inmate is informed in writing. *Id*. Respondent did not address this issue, but in any event, the Regional Office did not deny the request until December 31, 2024—well beyond both 30 and 60 days from receipt on July 1, 2024. Petitioner could have considered the absence of a timely response a denial by the Regional Office and then appealed with the Office of General Counsel. *Id*.; *see also Peal v. Reiser*, 2023 WL 5285355, at *2 (S.D. Miss. July 31, 2023). But he did not do so. Petitioner instead filed this action on October 16, 2024, and the record demonstrates that he never filed an appeal with the Office of General Counsel.

3

It is not enough to initiate the administrative remedies process; an inmate must complete the process. *See Herrera-Villatoro*, 269 F. App'x. at 373. Here, Petitioner did not complete the process by appealing to the Office of General Counsel.

Additionally, Petitioner did not file a reply to the Response [12] or otherwise argue that extraordinary circumstances warrant a waiver of the exhaustion requirement. And the record does not demonstrate that any such waiver is warranted. Thus, this action should be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies prior to filing this action.[3] *See Gacia-Valera v. Withers*, 2024 WL 4706354, at *2 (S.D. Miss. Aug. 30, 2024) (dismissing petition based on First Step Act credit for failing to exhaust claim with the BOP prior to filing federal habeas petition); *Banks v. Ma'at*, 2022 WL 4001038, at *2 (W.D. La. Aug. 5, 2022) (same).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED without prejudice.

---

[3] Respondent also argues that the Petition [1] should be dismissed on its merits. Respondent says that, because Petitioner is subject to a final order of removal, he is ineligible to receive any First Step Act time credits. *See* "Final Administrative Removal Order" [12-1] at 9. In support, Respondent cites 18 U.S.C. § 3632 (d)(4)(E)(i), which provides that "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal[.]" Courts in this circuit routinely dismiss habeas petitions for this reason. *See, e.g., Duarte-Varsquez v. Warden*, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024; *Peña v. Warden*, 2024 WL 3174524, at *1 (W.D. La. May 9, 2024); *United States v. Mendoza*, 2025 WL 35878, at *2 (N.D. Tex. Jan. 6, 2025). However, the "Notice of Intent to Issue a Final Administrative Removal Order" and the "Final Administrative Removal Order" submitted by Respondent supporting this argument are addressed to "Carlos Nosquera." *See* [12-1] at 9-12. While this may be a typographical error, the undersigned does not recommend dismissing the Petition [1] on the merits given this uncertainty. The undersigned instead recommends dismissal for Petitioner's failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 24th day of June, 2025.

s/Michael T. Parker<br>
United States Magistrate Judge